UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

FILED ___ ENTERED
LOGGED ___ RECEIVED

AUG -6 2010

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEPUTY

| | | |
|---|---|---|
| **SALLYE M. PURYEAR** | * | |
| 1129 Horne Avenue | * | |
| Portsmouth, Virginia 23701 | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Case No.: AW10CV2162 |
| v. | * | |
| | * | |
| **MICHAEL W. HAGER** | * | |
| **UNITED STATES OFFICE OF** | * | |
| **PERSONNEL MANAGEMENT** | * | |
| Office of the Director | * | |
| 1900 "E" Street, N.W., 5A09 | * | |
| Washington, D.C. 20415 | * | |
| | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT
### Writ of Mandamus, Plus Reimbursement

**JURISDICTION**

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. 1346 and 28 U.S.C. 1651.

**PARTIES**

2. Plaintiff, Ms. Sallye Puryear, is a United States citizen who was employed as a GS-185-12 Social Worker (retroactively promoted to a GS-185-13 pursuant to an Equal Employment Opportunity Commission Decision) with the National Naval Medical Center in Bethesda, Maryland. She retired on March 29, 2002.

3. Defendant, Michael W. Hager, is the Director of the United States Office of

Personnel Management ("OPM"), a federal agency. It handles personnel matters regarding all retirees.

PROCEDURE

4. On July 25, 2006, this court granted the United States Navy summary judgment against Plaintiff in her "Writ of Mandamus & Attorney's Fee Reimbursement" action which sought to obtain court enforcement of the agency's non-compliance with certain aspects of an EEOC decision in her favor.

5. The summary judgment decision in favor of the Navy rested on the Equal Employment Opportunity Commission's ("EEOC") Office of Federal Operations' ("OFO") conclusion that the agency had in fact complied with the EEOC's decision. Hence, action by this court was improper since a finding of noncompliance by OFO was a condition precedent to court enforcement. See. Decision, Puryear v. Winter, Secretary of the Navy, Civil Action No. AW-05-2993.

FACTS IN SUPPORT OF PRESENT MANDAMUS

6. Since that decision, circumstances have arisen requiring this court to act. Namely, on May 22, 2007, the Social Security Administration ("SSA") ruled that Plaintiff's increased salary due to her retroactive promotion (granted by EEOC) does allow the reallocation of her earnings in calculating her proper social security benefits.

7. Since receiving the letter from SSA in May 2007, repeated communication (both verbal and written) with OPM by the Plaintiff and her attorney has not produced the

earnings information sought by SSA to make the proper adjustments.

8. The officials contacted since 2007 have been [i] Denise Noblit, United States Office of Personnel Management, Retirement Operations Center (Boyars, Pennsylvania), [ii] Rosa McCrea, Customer Service Specialist, United States Office of Personnel Management (Washington, D.C.), [iii] Mike Flagg, Special Inquires Branch, United States Office of Personnel Management (Washington, D.C.), and [iv] Linda Bainter, Department of Defense, Defense Finance & Accounting Service (Charleston, South Carolina).

9. Each time, Plaintiff has been referred elsewhere, given wrong information, or ignored.

10. Officials of Defendant have provided records, printouts, and letters which have failed to satisfy SSA despite clear directions about what is needed.

11. Because SSA refused to accept the calculations from Plaintiff, it contacted OPM directly for the information, to no avail.

12. A simple request of how much more income Plaintiff earned from 1999 to 2002 because of the retroactive promotion (i.e., four figures) has not been provided.

13. Defendant has provided printouts of Plaintiff's salary history, figures showing Plaintiff's yearly salary from 1999 to 2002, figures showing Plaintiff's monthly salary, BUT has not provided the increase in her salary **due to** the retroactive promotion for the years 1999, 2000, 2001, and 2002.

14. After Plaintiff's attorney failed on several occasions to get responsive documents from OPM and SSA did not get its telephone calls returned, SSA ceased its efforts and left Plaintiff with insufficient social security benefits.

15. OPM ceased all further efforts to assist in the Fall of 2009.

**WHEREFORE,** Plaintiff respectfully requests that

[A]   the Defendant be made to provide Plaintiff and SSA with the figures/amounts SSA seeks in order to reallocate Plaintiff's social security benefits,

[B]   the Defendant be ordered to immediately cooperate fully with any other requests of SSA in order to properly calculate Plaintiff's social security benefits,

[C]   the Defendant be ordered to provide Plaintiff's counsel with all of its communications with SSA in response to this mandamus,

[D]   the Defendant be ordered to pay all lost interest on the underpaid amounts of Plaintiff's social security benefits,

[E]   the Defendant be made to reimburse Plaintiff for her costs and attorney's fees for this needless litigation due to the Agency's non-cooperation, attorney's fees continue to rise from the present $1,635.00 (13.5 hours at $120.00 per hour), and

[F]   such other and further relief as the court deems proper.

*I solemnly affirm under the penalty of perjury that the contents of the foregoing Complaint are true to the best of my knowledge, information, and belief.*

*Sallye Puryear*
Ms. Sallye Puryear

Respectfully submitted,

*Rev. Rickey Nelson Jones*
Rev. Rickey Nelson Jones
Law Offices of Reverend Rickey Nelson Jones, Esquire
3rd Floor – Suite 5
1701 Madison Avenue
Baltimore, Maryland 21217
410-462-5800
Bar #: 12088

Attorney for Plaintiff