# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MARYLAND

| | |
|---|---|
| **SALLYE M. PURYEAR** | * |
| 1129 Horne Avenue | * |
| Portsmouth, Virginia 23701 | * |
| | * |
|     **Plaintiff,** | * |
| | * |
| v. | *     Civil Case No: __10-CV-02162-AW__ |
| | * |
| **MICHAEL HAGER/JOHN BERRY** | * |
| **UNITED STATES OFFICE OF** | * |
|    **PERSONNEL MANAGEMENT** | * |
| Office of the Director | * |
| 1900 "E" Street, N.W., 5A09 | * |
| Washington, D.C. 20415 | * |
| | * |
|     **Defendant.** | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## RESPONSE TO DEFENDANT'S MOTION TO DISMISS & CROSS MOTION FOR SUMMARY JUDGMENT

Ms. Sallye M. Puryear, Plaintiff, by and through her counsel, Rev. Rickey Nelson Jones, responds to Defendant's motion to dismiss and cross moves for summary judgment. As grounds therefore, she says:

**UNDISPUTED FACTS**

1. Plaintiff's Complaint reveals both this count's 2006 decision against her and its reason for such, namely, no finding of noncompliance by the Office of Federal Operations.

2. Since the Department of the Navy ("Navy") was deemed in compliance with the administrative judge's decision in favor of the Plaintiff, all efforts ceased by Plaintiff concerning it.

3. Nearly a year after this court's decision (5/22/07), the Social Security Administration ("SSA") forwarded Plaintiff a letter (Attached), ruling that her increased salary due to her retroactive promotion <u>does</u> allow the re-allocation of her earnings in calculating her proper social security benefits.

4. This decision by SSA is only related to the Navy in one respect, namely, Plaintiff's **increased salary.**

5. While the increased salary derived from the procedural and substantive decisions by the administrative judge against the Navy, the salary itself is the object of focus for SSA and the Plaintiff, not the Navy.

6. Since Plaintiff and her counsel were informed that all retirees' salary/earnings information is available from the United States Office of Personnel Management, Retirement Operations Center, Boyars, Pennsylvania, that office was contacted for the necessary information.  <u>See</u>. Defendant's Exhibit 4.

7. Plaintiff's present lawsuit exists solely because of the failure of the Office of Personnel Management ("OPM") to do its legally assigned job of providing federal government retirees with relevant earnings information. <u>See</u>.

    Acknowledgment of this legal duty by Defendant's Exhibit 4, "Declaration of Anttionett Smith", paragraph 1 **AND** 5 U.S.C. Sec. 8401 et seq.

8. All claims by Defendant about Plaintiff seeking the same remedy now as in the past fails in light of {a} the acknowledged duty of OPM to federal government retirees and {b} the official 2007 letter from SSA, which was non-existant during Plaintiff's 2006 litigation.

9. Further, regarding OPM's legal duty to retirees and their earnings records, the word "discretionary" is never used in 5 U.S.C. Sec. 8401 et seq.

**THE LAW**

OPM's Legal Duty

    The Federal Employees Retirement System (FERS), 5 U.S.C. Sec. 8401 et seq., provides authority in the United States Office of Personnel Management (OPM) to address all aspects of benefits for retired federal employees.  The aspect of retirees' benefits under SSA's authority is addressed in Section 8403.  That section states, "Except as otherwise provided in this chapter, the benefits payable under the System are in addition to the benefits payable under the Social Security Act."   Put simply, the social security benefits "part" for federal retirees is not in conflict with FERS, but in addition to it.  Further, SSA depends on OPM's records on retirees in making its determinations (Attached).

Mandamus Under 28 U.S.C. Sec. 1651

The United States Supreme Court has addressed the conditions that must be met in seeking a Writ of Mandamus under 28 U.S.C. 1651.  In <u>Cheney, et al. v. United States District Court for the District of Columbia, et al.</u>, 542 U.S. 367 (2004), the United States Supreme Court held, in part, that the Court of Appeals committed error when it found no authority to issue mandamus because the government could protect its rights by asserting executive privilege.  The Supreme Court reminded us of the conditions in obtaining such a writ.  It said

> As the writ is one of the most potent weapons in the judicial arsenal,…
> three conditions must be satisfied before it may issue.   First, the party seeking
> issuance of the writ [must] have no other adequate means to attain the relief
> he desires.  Second, the petitioner must satisfy 'the burden of showing that
> [his] right to issuance of the writ is "clear and indisputable."  Third, even
> if the first two prerequisites have been met, the issuing court, in the
> exercise of its discretion, must be satisfied that the writ is appropriate under
> the circumstances.

<u>Cheney, et al.</u> 542 at 380-381

While a mandamus is a drastic and extraordinary remedy, there is no doubt in a court's power to issue it in a proper case.  <u>Ex parte Fahey et al.</u>, 332 U.S.258, 67 S.Ct. 1558, 91 L.Ed. 2041 (1947).   The hurdles to overcome in obtaining a writ of mandamus are not insuperable. <u>Cheney, et al. v. United States District Court for the District of Columbia, et al.</u>, 542 U.S. 367 (2004); <u>Kerr v. United States Dist. Court for Northern Dist. of Cal.</u>, 426 U.S. 394 (1976).  This court does have subject matter jurisdiction where, as herein, a government agency is given legal authority to handle all aspects of federal retirees' benefits but refuses to exercise that authority upon request of a federal retiree and SSA.   In addition, as demonstrated below in the

"Argument" section, Plaintiff "overcomes" the hurdles for issuance of the writ of mandamus.

Rule 12(b)(6) Conversion Into Rule 56 Summary Judgment

Converting a motion to dismiss into a motion for summary judgment applies to Rule 12(b)(6) motions.  Central to such a conversion is consideration of matters outside of the pleadings (e.g., affidavits).  <u>Anheuser-Busch v. Schmoke</u>, 63 F.3d 1305 (4th Cir. 1995); <u>Gay v. Wall</u>, 761 F.2d 175 (4th Cir. 1985); <u>Johnson v. RAC Corp.</u>, 491 F.2d 510 (4thCir. 1974); <u>Haase v. Sessions</u>, 835 F.2d 902 (D.C. Cir. 1987).

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R.Civ.P. 56(c)(2).  When a motion for summary judgment has been filed against the Plaintiff, he may successfully defeat such a motion by presenting evidence sufficient enough for a jury to rule in his favor.  In <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 91 L.Ed 2d 202, 106 S.Ct. 2505 (1986), the Supreme Court said, "The Plaintiff, to survive the Defendant's motion, need only present evidence from which a jury might return a verdict in his favor.  If he does so, there is a genuine issue of fact that requires a trial. <u>Anderson</u>, 91 L.Ed 2d at 217.  At the moment a summary judgment motion is filed, the judge is not to weigh the evidence like a jury but merely to determine if there is a genuine issue for trial. <u>Anderson</u>, 91 L.Ed 2d at 212.

**ARGUMENT**

The Federal Employees Retirement System (FERS), 5 U.S.C. Sec. 8401 et seq., provides the clear, detailed, law with respect to OPM concerning federal retirees. It outlines the means, method, and calculations for handling retirees' pension, benefits, and earnings. No where is "discretionary" used or implied. No where is this function transferred to some other agency. No where is a retiree directed elsewhere for issues regarding her earnings information. Where is Plaintiff to go <u>as a retiree</u> other than to OPM, as acknowledged in paragraph 1 of Defendant's Anttionette Smith Declaration? Defendant claims on page 9 of its memorandum in support of its motion to dismiss that "OPM does not maintain such earning data – the employing agencies … do." Plaintiff is not employed with the Navy now. She is a retiree, and all retirees' benefit information rests with OPM. 5 U.S.C. Sec. 8401 et seq. Yes, Defendant is correct about OPM providing data about Plaintiff's salary to SSA, but it is incorrect in suggesting the data is what "Plaintiff seeks." SSA seeks the data, and Plaintiff is trying to facilitate the delivery for proper calculation of her benefits. Plaintiff is the innocent victim in OPM's failure to respond to another government agency, but to imply Plaintiff needs to return to a past employer **while a retiree** to obtain something OPM governs by law is untenable. The Navy has no obligation to Plaintiff at present, and all legal matters with respect to the Navy ended in 2006. This is simply a matter of OPM reviewing its records (fulfilling its legal duty for a retiree) and providing what SSA requested, especially since SSA has informed Plaintiff it cannot accept the

information from her. See. Complaint, sworn statement in paragraph 11.  Even the Defendant acknowledges OPM's ability to provide this information, albeit not "readily" available (page 4 of its memorandum in support of motion to dismiss).  Further, as outlined in Plaintiff's Complaint, paragraphs 7-10, she has exhausted all avenues provided to her, to no avail.  Plaintiff cannot force OPM to provide SSA with what is requested; she cannot make demands of a former employer in her retired state; she cannot (although desirous) provide SSA with the simple calculations since such is unacceptable to SSA; she cannot acquire the retiree information from anyone but OPM, and OPM has been given the legal duty pursuant to Title 5 of the United States Code to provide retirees with the information sought.  In short, there is "no other adequate means to attain the relief she desires."   The aforementioned satisfies the first and second conditions for obtaining mandamus relief.

     The final condition requires satisfying the court that the writ is appropriate under the circumstances.  Since SSA has already informed Plaintiff, in writing, that the agency can "reallocate the earnings for the corrected years per Social Security rules and Regulations" (See. Attached), getting the information needed to SSA will provide the Plaintiff with earned social security benefits.  Shockingly, on page 7 and 8 of Defendant's memorandum, it states "it is unclear whether her benefits will actually increase…."  Approximately four years of increased salary due to a retroactive promotion will, unquestionably, increase Plaintiff's benefits.  OPM seems to offer every imaginable explanation (including unreasonable ones) for not fulfilling its Title

5 duty to this retiree.  OPM, not SSA, IRS, or any other agency has been given the legal duty of handling retirees' earnings information.  For OPM to refer Plaintiff to some other agency in light of Title 5 defies logic.   OPM will not cooperate with SSA, will not provide Plaintiff with her <u>own</u> earnings information in the form SSA calls for, will not "get" whatever it deems needed from wherever it exists, and will not cooperate with Plaintiff's attorney to satisfy SSA.  The circumstances here show [1] an innocent retiree, [2] caught between OPM and SSA,  [3] entitled to a re-allocation of her increased salary for SSA benefits, and [4] an agency legally and principally assigned with handling federal retirees' benefits information refusing to do simple calculations for a retiree's benefits.  The Writ of Mandamus is appropriate in this situation since, despite every effort possible by Plaintiff and her counsel, OPM has flatly refused to provide information SSA has requested on this retiree.   Over three years have passed since SSA requested the information and OPM continues to neglect its legal duty, despite the simplicity of it.

  Finally, the attorney's fees requested herein rests on 28 U.S.C. 1346(b)(1).  It states, in relevant part, "Subject to the provisions of chapter 171 of this title, the district courts, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945."   While Plaintiff seeks a writ to force OPM to provide information sought by SSA, the lost interest on income due Plaintiff and the attorney's fees incurred to legally force OPM to perform an elementary Title 5 function are monetary losses to Plaintiff.

**WHEREFORE,** Plaintiff respectfully requests that [1] Defendant's motion to dismiss be Denied and [2] Plaintiff's cross motion for summary judgment be Granted.

Respectfully submitted,

/s/
Rev. Rickey Nelson Jones
Law Offices of Reverend Rickey
 Nelson Jones, Esquire
3rd Floor – Suite 5
1701 Madison Avenue
Baltimore, Maryland 21217
410-462-5800
Bar #: 12088

***Attorney for Plaintiff***