**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| SALLYE PURYEAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 8:10-cv-02162-AW |
| ) | |
| JOHN BERRY, Director, United States ) | |
| Office of Personnel Management, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND IN REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendant, John Berry, Director of the United States Office of Personnel Management ("OPM"), by Rod J. Rosenstein, United States Attorney for the District of Maryland, and Neil R. White, Assistant United States Attorney for said District, respectfully submits this Memorandum in opposition to Plaintiff's motion for summary judgment (Docket No. 4) and in reply to Plaintiff's response to his motion to dismiss Plaintiff's Complaint.[1]

**I. INTRODUCTION**

Plaintiff's claimed entitlement to the "drastic remedy" of the issuance of a writ of mandamus in this case is founded entirely on one piece of evidence and a single proposition of law. The evidence is a May 22, 2007 letter from the Social Security Administration ("SSA") and the proposition is that OPM (as opposed to Plaintiff's former employing agency) is required by law to maintain <u>earnings</u> information for federal retirees.

---

[1] Given that Plaintiff responded to OPM's pending motion to dismiss with a motion for summary judgment, OPM respectfully requests that its Memorandum in support of its motion to dismiss, with all supporting exhibits thereto (including the Declaration of Anttionette Smith), be incorporated by reference herein.

As demonstrated by the attached Declaration from SSA, Plaintiff has plainly misconstrued the May 22, 2007 letter. OPM was mentioned in the letter as a source of information because of SSA's mistaken belief – apparently based on the information provided by Plaintiff's counsel – that OPM was Plaintiff's former employer. It was not because of OPM's role in managing annuities under the Federal Employees Retirement System.

Moreover, despite being specifically challenged to do so, Plaintiff has failed to identify any governing statute, regulation, or rule that requires OPM to maintain a record of earnings (as opposed to salary information) for retired federal employees such as Plaintiff.

As a consequence, even if the Court does not dismiss the action as an improper Title VII enforcement action (*see* Docket No. 3-1, at 7-8), Plaintiff has failed to carry her burden of showing that jurisdiction exists under the mandamus statute. Thus, Plaintiff is not entitled to summary judgment and her action should be dismissed.

## II. ARGUMENT

A.    PLAINTIFF HAS MISCONSTRUED THE IMPORT OF HER COMMUNICATIONS WITH SSA

The factual foundation of Plaintiff's second attempt in this Court to gain additional relief following an administrative default judgment in a Title VII action is a May 22, 2007 letter from SSA. Docket No. 3-4, at 23 (Stamped as OPM 000018); also Docket No. 4-1. In this letter, a District Manager from SSA is clearly replying to a letter sent by Plaintiff's counsel on May 17, 2007. *Id.* The SSA officer indicates that SSA "can reallocate" Plaintiff's earnings for the "corrected years," but it will need more than just "pay scale amounts" to do so. *Id.* Rather, SSA needs a breakdown of earnings information for the years in question and directs Plaintiff's counsel to obtain the information from OPM. *Id.*

As made clear in the Declaration of Joseph J. Olenski, Assistant District Manager at SSA (annexed hereto as Exhibit 1), however, SSA sent that letter <u>based on the understanding that OPM was Plaintiff's "former employer or the paying party in a lawsuit."</u> *Id.* (underscoring supplied). SSA did not mean to advise that OPM customary maintains such information. *Id.* And it is a matter of record in this case that OPM does not, in fact, maintain earnings information – the employing agencies do. Declaration of Anttionette Smith (Docket No. 3-4), at 2, ¶ 5. Indeed, Mr. Olenski states that "SSA's usual procedure is to refer individuals <u>back to their former employers</u> for their W2s." *Id.* (underscoring supplied). In this case, of course, had Plaintiff's counsel indicated that his client's former employer was the Department of Navy, SSA would have advised him to obtain his clients' W-2 statements from the Navy, if for some reason she did not herself have corrected copies thereof.

Accordingly, Plaintiff is simply mistaken that SSA sought or needs the information <u>from OPM</u> in order to make any adjustments to her social security benefits as a result of her Title VII case.

**B.     PLAINTIFF HAS NOT SHOWN THAT OPM OWES HER A CLEAR AND NON-DISCRETIONARY DUTY TO MAINTAIN HER EARNINGS INFORMATION**

Supported by the Declaration of Anttionette Smith, OPM established in its initial Memorandum that OPM's legal responsibility is directed at the processing of civil service retirement benefits. Docket No. 3-1, at 9-10. To that end, OPM simply maintains the records that the employing federal agencies provide to it for this purpose. OPM does not utilize "earnings information" and is under no legal duty to maintain (let alone produce) such information because retirement annuities, unlike SSA benefits, are based on rates of pay, 5 U.S.C. §§ 8415 and 8461, not upon earnings data which includes other information reported on IRS Form W-2.

It appears that Plaintiff disputes OPM's position, factually and legally. *See, e.g.,* Docket No. 4, at 2 ("Plaintiff's present lawsuit exists solely because of the failure of [OPM] to do its legally assigned job of providing federal government retirees with relevant earnings information."); at 6 ("This is simply a matter of OPM reviewing its records [fulfilling its legal duty for a retiree] and providing what SSA requested . . . ."). Yet Plaintiff, assisted by able counsel, has failed to identify a single statute, rule, or regulation that requires OPM to maintain earnings information.

Plaintiff selectively quotes and misreads the Declaration of Anttionette Smith, which nowhere states or implies that OPM has this information. Quite the contrary, Ms. Smith avers quite clearly that the employing agencies (not OPM) maintain earnings information. Docket No. 3-4, at 2, ¶ 5. Moreover, she essentially provided OPM's entire file on this matter as an attachment to her Declaration. Docket No. 3-4. Plaintiff also unhelpfully cites "5 U.S.C. § 8401, *et seq.*" at several points in her response, evidently expecting this Court to scour hundreds of pages of statutory text in vain for language that possibly might support her view.

Unfortunately, despite the considerable linguistic skills of her counsel, Plaintiff has not directed this Court to any binding authority which requires OPM to collect from the employing agencies, and maintain in its records, earnings information for federal retirees. As such, Plaintiff cannot establish an entitlement to the drastic remedy of a writ of mandamus.

Accordingly, if the Court construes Plaintiff's second lawsuit in this Court as a pure mandamus action, as opposed to a Title VII enforcement action for which the conditions precedent have not been satisfied, Plaintiff has failed to meet the requirements for mandamus relief, precluding the exercise of mandamus jurisdiction by this Court. Her motion for summary judgment should thus be denied – since she cannot show that the material facts are undisputed and that she is entitled to

judgment as a matter of law in her favor, Rule 56(c)(2) – and her Complaint dismissed pursuant to Rule 12(b)(1) or 12(b)(6).

### III.  CONCLUSION

For the reasons set forth in Defendant's initial Memorandum (Docket No. 3) and herein, Defendant respectfully requests that the Court deny Plaintiff's summary judgment motion and dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

_____/ s /_____
Neil R. White
Assistant United States Attorney
United States Courthouse
6500 Cherrywood Lane, Room 400
Greenbelt, Maryland  20770
(301) 344-4433
Counsel for Defendant

OF COUNSEL:
Paul St. Hillaire
Deputy Assistant General Counsel
Office of the General Counsel
U.S. Office of Personnel Management
Washington, D.C. 20415