**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **SALLYE M. PURYEAR** | * | |
| **1129 Horne Avenue** | * | |
| **Portsmouth, Virginia 23701** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | Civil Case No:  **10-CV-02162-AW** |
| | * | |
| **MICHAEL HAGER/JOHN BERRY** | * | |
| **UNITED STATES OFFICE OF** | * | |
| **PERSONNEL MANAGEMENT** | * | |
| **Office of the Director** | * | |
| **1900 "E" Street, N.W., 5A09** | * | |
| **Washington, D.C. 20415** | * | |
| | * | |
| **Defendant.** | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REPLY TO DEFENDANT'S
"MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND IN REPLY IN SUPPORT OF
MOTION TO DISMISS"**

Ms. Sallye M. Puryear, Plaintiff, by and through her counsel, Rev. Rickey Nelson Jones, replies to Defendant's memorandum in opposition to Plaintiff's cross motion for summary judgment as follows:

A.   Claims In Defendant's Part I

Because Defendant [i] submits a Declaration/Affidavit from someone **other than** the author of the May 22, 2007 Social Security Administration Letter and [ii] the declarant claims Plaintiff's counsel sent SSA a letter which "referenced the Office of Personnel Management (OPM) in some related way such as OPM being the former

1

employer or the paying party in a lawsuit…." **without** providing such letter, the entire argument of Defendant collapses.  Plaintiff's counsel did not directly, indirectly, or otherwise refer to OPM as Plaintiff's employer in any letter ever written, hence such was not nor could be produced by Defendant.  For lack of a more effective way to relate what Defendant has done, a false declaration has been submitted to the court.  Whether Defendant obtained Mr. Joseph J. Olenski's false declaration intentionally or unintentionally is not Plaintiff's concern at this moment.[1]  Critical is the fact that Defendant has obtained the declaration from [a] someone other than Joseph M. Karabinos (SSA District Manager responsible for the 5/22/07 letter), [b] someone unknown to Plaintiff and her counsel despite much communication from them with SSA, and [c] someone who seemingly lacks knowledge of this matter.  Therefore, Defendant's claims about Plaintiff misconstruing or misunderstanding a simple, clear, letter from SSA is without merit.

B. Claims In Defendant's Part II

Defendant seems to "rest" on OPM being responsible for processing civil service retirement benefits, not earnings data.  However, 5 U.S.C. Sec. 8401 et seq., does not distinguish between "retirement benefits information" and "retirement earnings information" in defining OPM's obligation to retirees.  Further, on page 3, Defendant states "OPM simply maintains the records that the employing federal

---

[1] However, Plaintiff does believe such submissions, without assuring their truthfulness, violates an attorney's obligation of honesty before the court.

agencies provide to it for this purpose." Does that mean if the agency provides earnings data, OPM is then in the position to provide the information Plaintiff seeks? If, as Defendant clearly concedes, OPM can receive retirement information an agency provides, surely OPM can request earnings information to assist a federal retiree in satisfying SSA. To wit, in absence of a direct Title 5 prohibition, OPM can obtain needed information for a federal retiree and Defendant's great effort to "dissect" some difference between "retirement benefit information" and "retirement earnings information" is without legal justification. Plaintiff's review of Title 5 shows no prohibition against OPM providing the information SSA seeks for Plaintiff. If there is a prohibition overlooked by Plaintiff, since Plaintiff has filed a cross motion for summary judgment, Defendant must produce the prohibition to escape summary judgment, and such escape requires more than conclusory statements like "[1] Plaintiff has failed to identify a single statute requiring OPM to maintain earnings information. [2] Plaintiff cannot establish an entitlement to a writ of mandamus."

     Plaintiff has provided Title 5's charge to OPM concerning federal retirees. Title 5 is sweeping, covering nearly all areas of federal retirees' pension, benefits, and earnings. There is not one word, based on Plaintiff's review, forbidding OPM from providing the information SSA seeks. Nor is there one word stopping OPM from obtaining retirement information to satisfy the benefit needs of a retiree. Indeed, Defendant seems to have expended more effort writing a legal memorandum, without Title 5 support, to NOT provide a federal retiree with her own earnings information as

called for by SSA than would have been necessary to simply provide the information requested.

**WHEREFORE,** Plaintiff respectfully requests that [1] Defendant's motion to dismiss be Denied and [2] Plaintiff's cross motion for summary judgment be Granted.

Respectfully submitted,

_____/s/_____
Rev. Rickey Nelson Jones
Law Offices of Reverend Rickey
    Nelson Jones, Esquire
3rd Floor – Suite 5
1701 Madison Avenue
Baltimore, Maryland 21217
410-462-5800
Bar #: 12088

***Attorney for Plaintiff***