IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| SALLYE M. PURYEAR, <br> Plaintiff, <br><br> v. <br><br> MICHAEL W. HAGER, <br> Defendant. | Civil Action No. 10-cv-02162-AW |

**MEMORANDUM OPINION**

Pending before the Court is Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Doc. No. 3. The Court has reviewed the documents filed by the Parties and finds that no hearing is necessary. *See* D. MD. LOC. R. 105(6) (2010). For the reasons stated below, the Court will GRANT the motion.

**I.     FACTUAL & PROCEDURAL BACKGROUND**

Plaintiff Sallye Puryear was employed as a social worker at the National Naval Medical Center until she retired on March 29, 2002. In 1999, she filed a complaint pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, to the Equal Employment Opportunity Commission ("EEOC") alleging discriminatory and retaliatory non-selection for promotion by the Department of the Navy ("Navy"). The Navy failed to respond to various orders during the EEOC proceedings, so the EEOC issued a decision in Plaintiff's favor. The Navy was ordered to retroactively promote Plaintiff to the position she applied for and notify the Office of Personnel Management ("OPM") of the retroactive promotion so that her

retirement benefits would be adjusted. The Navy issued a Final Agency Decision ("FAD") adopting the EEOC decision in January 2003.

In 2004, Plaintiff filed an administrative appeal with the EEOC's Office of Federal Operations ("OFO"), arguing that the Navy was not in full compliance with the FAD and seeking enforcement. On June 1, 2005, the OFO dismissed Plaintiff's petition for enforcement as moot.

Plaintiff then filed a complaint against the Navy in this Court, seeking a writ of mandamus requiring the Navy to abide by the FAD and to notify the Social Security Administration ("SSA") of Plaintiff's updated pay status. *See* Doc. No 3, Ex. 1. The Court granted summary judgment in Defendant's favor on the grounds that: (1) the entirety of the complaint (including the request for mandamus under the All Writs Act, 28 U.S.C. § 1651) should be treated as a Title VII enforcement action, and (2) there has been no EEOC determination that the Navy is not in compliance with the FAD, and such a determination is a condition precedent to filing a Title VII enforcement action in the district court. *See Puryear v. Winter*, No. 05-CV-2993-AW at 6-11 (D. Md. 2006).

Subsequent to that decision, on May 22, 2007, Plaintiff received a letter from SSA indicating that she "will need to obtain proper documentation from OPM for a breakdown of each calendar year," Doc. No. 4, Ex. 1, in order for SSA to adjust her social security benefits to reflect her retroactive promotion. She contacted several OPM employees and in return received records of her salary history for the relevant years (1999-2002). However, none of the figures sent by OPM reflect the retroactive promotion.

Plaintiff filed this action against OPM, seeking a writ of mandamus to force OPM to provide Plaintiff and SSA with the earnings information for 1999-2002 that are needed to

recalculate her social security benefits. Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Doc. No. 3.

## II. STANDARD OF REVIEW

As a preliminary matter, the Parties seem to disagree regarding whether Defendant's motion should be treated as a motion to dismiss or a pre-discovery motion for summary judgment. Plaintiff rightly points out that, when ruling on a Rule 12(b)(6) motion, the Court must generally convert the motion into a motion for summary judgment when the Court is called upon to consider matters outside the pleadings. *See Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985). By contrast, when deciding a Rule 12(b)(1) motion, the Court may generally "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d 765, 768 (4th Cir. 1991).

However, the Court need not decide which procedural device applies, because the choice will not materially alter the analysis under the circumstances in this case. Both devices allow for the consideration of matters outside the pleadings, and both require that the Plaintiff come forward with facts sufficient to create a genuine dispute regarding the material facts necessary for mandamus jurisdiction. *Compare id.* (stating that a Rule 12(b)(1) motion should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law"), *with* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

## III. ANALYSIS

Defendant's first contention is that the Complaint should be treated as an enforcement action under Title VII, and that it should be dismissed for failing to meet the requirements of Title VII. Defendant relies on this Court's opinion in *Puryear v. Winter*, No. 05-CV-2993-AW (D. Md. 2006), the prior case mentioned above in which the Court held that the complaint should be analyzed under Title VII, not the All Writs Act. *See id.* at 7-8. The Court reasoned that "when a separate statute specifically addresses the issue at hand, it is the statute, not the All Writs Act, that governs," *id.* at 7, and that Title VII directly addressed the issue in that case: the Navy's alleged failure to comply with the EEOC's Title VII remedial Order. The Court then proceeded to analyze the complaint according to Title VII principles and found it lacking, because Title VII enforcement actions generally require an EEOC determination that the agency "'is not complying'" with the EEOC's order. *Id.* at 8-11 (quoting 29 C.F.R. § 1614.503(g)). The complaint failed to identify any such EEOC determination, so the Court dismissed the complaint.

The Complaint in the case at bar is distinguishable in one decisive respect: the Defendant here is OPM, not the Navy. Plaintiff does not raise a Title VII theory for recovery against OPM, nor could she: it appears that the EEOC's remedial Order was directed exclusively against the Navy. This action is based on Plaintiff's understanding of OPM's general duties to keep and maintain certain records; it is not based on the theory that OPM violated Title VII by failing to comply with the EEOC's Order. Therefore, this Court cannot convert Plaintiff's action under the All Writs Act into a Title VII enforcement action, and the Court must analyze Plaintiff's request for mandamus under the All Writs Act.[1]

---

[1] Plaintiff also half-heartedly relies on 28 U.S.C. § 1346 to supply jurisdiction, but she fails to respond to Defendant's argument that section 1346 only permits the remedy of monetary damages, not the injunctive relief sought in this case, *see Lee v. Thornton*, 420 U.S. 139, 140 (1975). Thus, Plaintiff's section 1346 claim is dismissed.

In order to justify the extraordinary remedy of mandamus, Plaintiff must show that: "(1) [s]he has a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief [s]he desires; and (5) the issuance of the writ will effect right and justice in the circumstances." *United States ex rel. Rahman v. Oncology Assocs., P.C.*, 198 F.3d 502, 511 (4th Cir. 1999). Defendant has presented evidence that OPM does not create records akin to the "earnings" data sought by Plaintiff, and that the duty for collecting such data belongs to the employing agency (*i.e.*, the Navy). Doc. No. 3, Ex. 3, at ¶¶ 4-7.

Plaintiff's response fails to identify a statute or any material facts suggesting a duty on the part of OPM to keep such records and provide them to Plaintiff. First, Plaintiff cites to the Federal Employees Retirement System ("FERS"), 5 U.S.C. § 8401 *et seq.*, without providing any specific section numbers dealing with OPM's duties to maintain records.[2] The Court will not sort through an enormous number of statutory sections, most (perhaps all) irrelevant, in search of a provision supporting Plaintiff's case. That burden rests with Plaintiff, and Plaintiff has not provided any meaningful basis to support her argument. Second, Plaintiff cites to the Declaration of Anttionette Smith, a Defense Exhibit, for a proposition it clearly does not stand for.[3]

---

[2] The only specific provision Plaintiff cites is 5 U.S.C. § 8403, which states: "Except as otherwise provided in this chapter, the benefits payable under the System are in addition to the benefits payable under the Social Security Act." This provision merely clarifies that FERS benefits are distinct from Social Security Act benefits; it does not mention OPM, much less assign any clear duties to OPM.

[3] Specifically, Plaintiff cites Doc. No. 3, Ex. 4, Decl. of Anttionette Smith, at ¶ 1 for the proposition that the OPM's "legally assigned job" is to "provid[e] federal government retirees with relevant earnings information." The paragraph cited by Plaintiff says nothing of the sort. Instead, the paragraph states that the branch of OPM that Smith works for "adjudicates retirement claims" and that records related to those adjudications are "maintained at OPM in the ordinary course of business." Other paragraphs of the Declaration directly refute Plaintiff's claim that OPM is under a duty to provide earnings information. *See, e.g.*, *id.* ¶ 5 ("Employment earnings information is maintained by the payroll office of the individual's employing agency.").

Finally, Plaintiff relies on a letter from the SSA indicating that, in order to have her benefits adjusted, Plaintiff would "need to obtain proper documentation from OPM for a breakdown of each calendar year." Doc. No. 4, Ex. 1. However, Defendant has provided an affidavit explaining that the letter's reference to OPM was based on a "miscommunication" and that SSA "was not advising that OPM customarily is the custodian of earnings information." Doc. No. 5, Ex. 1. In any event, a letter by the SSA does not create a legal duty on the part of OPM. To meet her burden of justifying the drastic remedy of mandamus, Plaintiff needed to identify a firm legal foundation for OPM's "clear duty to do the specific act requested," *Oncology Assocs., P.C.*, 198 F.3d at 511. This has not been done, so the Court must grant summary judgment to Defendant.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED. A separate Order will follow.

| November 23, 2010 | /s/ |
|---|---|
| Date | Alexander Williams, Jr. |
| | United States District Judge |